UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Stacey Lee )
    Plaintiff, )
)
vs. ) Case No. 5:23-cv-01974-JGB(SPx)
)
CAPITAL ONE, EXPERIAN )
INFORMATION SOLUTIONS INC and )
TRANSUNION LLC, )
    Defendants. )

FILED
CLERK, U.S. DISTRICT COURT
09/25/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: AP  DEPUTY

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Stacey Lee as and for her Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory, and punitive money damages, and costs against Defendants Capital One, Experian Information Solutions Inc. ("Experian") and Transunion LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business in Colton, San Bernardino County, California and the conduct complained of occurred in Colton, California.

### III. PARTIES

3. Plaintiff is a natural person residing in Colton, California.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Capital One is a Delaware corporation duly authorized and qualified to do business in the state of California.

6. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the state of California with its registered agent as CT Corporation System.

7. Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of California with its registered agent as The Prentice-Hall Corporation System Inc.

8. Upon information and belief, Defendants Experian and Transunion are consumer reporting agencies (CRAs) and disburse consumer reports to third parties under contract for monetary compensation.

## IV. FACTS OF THE COMPLAINT

9. On or about May 2023, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by Defendant Capital One, specifically Account No. 51780586**** was reporting inaccurately as follows:

   a) Defendant Experian was reporting a high balance of $400, which is inaccurate.

   b) Defendant Experian is reporting a date of last activity as 7/1/2022 and Defendant TransUnion is reporting a date of last activity as 7/4/2022.

   c) Defendant Experian is reporting an open date of 5/1/2018 and Defendant TransUnion is reporting an open date of 5/6/2018.

   d) Defendant Experian and TransUnion is reporting inaccurate payment history.

10. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of the information they report. 15 U.S.C. §1681e(b). When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 U.S.C. §1681i.

11. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information.

The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

12. On or about May 20, 2023, Plaintiff sent written disputes to Defendants Experian and Transunion disputing the completeness and/or accuracy of the aforementioned tradeline.

13. Upon information and belief, Defendants Experian and TransUnion sent a dispute to Defendant Capital One providing all relevant disputed information.

14. Upon information and belief, Defendant Capital One verified to Defendants Experian and TransUnion that the tradeline was accurate.

15. In June 2023, Plaintiff noticed that despite her disputes, the alleged tradeline was still being reported inaccurately on her consumer report.

16. As a result of the actions and inactions of Defendants, Plaintiff suffered damages, including but not limited to her FICO scores being lowered as a result of the inaccurate reporting, resulting in her either being denied credit or being granted credit with a much higher interest rate and/or unfavorable financing terms, inability to apply for credit or loans, severe humiliation, emotional distress and mental anguish.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. § 1681s-2(b)(1)(A)

**Defendant Capital One**

17. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

18. Defendant has violated 15 U.S.C. § 1681s-2(b)(1)(A) in that they failed to conduct a reasonable investigation regarding the inaccurate information that was furnished to the Consumer Reporting Agencies.

19. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

20. Defendant's conduct was negligent and/or willful.

21. Plaintiff is entitled to actual damages, punitive damages, and costs for Defendant's willful acts pursuant to 15 U.S.C. § 1681n.

22. Alternatively, Plaintiff is entitled to actual damages and costs if Defendant's violations are negligent, pursuant to 15 U.S.C. §1681o.

**VI. SECOND CLAIM FOR RELIEF**
**15 U.S.C. §1681s-2(b)(1)(B)**
**Defendant Capital One**

23. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

24. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information forwarded to them by the consumer reporting agencies.

25. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, damage to Plaintiff's credit reputation and rating, and other injuries and damages to Plaintiff.

26. Defendant's conduct was negligent and/or willful.

27. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

28. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
## 15 U.S.C. §1681s-2(b)(1)(C)
## Defendant Capital One

29. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

30. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report accurate information about the alleged debts.

31. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

32. Defendant's conduct was negligent and/or willful.

33. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

34. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(D)
### Defendant Capital One

35. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

36. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(D) by failing to report accurate information to the consumer reporting agencies and continuing to report information that was false, inaccurate and unverifiable.

37. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

38. Defendant's conduct was negligent and/or willful.

39. Plaintiff is entitled to recover actual damages, punitive damages, and costs pursuant 15 U.S.C. § 1681n.

40. Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681s-2(b)(1)(E)
### Defendant Capital One

41. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

42. Defendant violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to have procedures in their system and failing to have a procedure with the consumer reporting agencies to (i) modify the inaccurate information in their system, (ii) delete the inaccurate or unverifiable, erroneous information, or (iii) block the re-reporting of inaccurate or unverifiable information.

43. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

44. Defendant's conduct was negligent and/or willful.

45. Plaintiff is entitled to recover actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

46. Alternatively, Plaintiff is entitled to recover actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
### U.S.C. § 1681e(b)
### Defendants Experian and Transunion

47. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

48. Defendants have violated 15 U.S.C. §1681e(b) by continuing to report the erroneous information in Plaintiff's credit profile thereby failing to maintain reasonable procedures in operations designed to assure maximum possible accuracy in the credit reports published.

49. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

50. Defendants have done so either negligently or willfully.

51. Plaintiff is entitled to actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n.

52. Alternatively, Plaintiff is entitled to actual damage and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

### XI.   SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### Defendants Experian and Transunion

53. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

54. Defendants have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

55. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

56. Defendants have done so either negligently or willfully.

57. Plaintiff is entitled to actual damages, punitive damages and costs pursuant to 15 U.S.C. § 1681n.

58. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681o.

### XII. EIGHTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### Defendants Experian and Transunion

59. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

60. Defendants have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

61. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

62. Defendants have done so either negligently or willfully.

63. Plaintiff is entitled to actual damages, punitive damages and costs pursuant

15 U.S.C. § 1681n.

64. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XIII. NINTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## Defendants Experian and Transunion

65. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

66. Defendants have violated 15 U.S.C. § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

67. Defendants have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

68. Defendants have done so either negligently or willfully.

69. Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

70. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## XIV. TENTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)

### Defendants Experian and Transunion

71. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

72. Defendants have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

73. Defendants have caused injury in fact by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

74. Defendants have done so either negligently or willfully.

75. Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681n.

76. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

### XV. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendants for:

    A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C.  Costs pursuant to 15 USC § 1681n(a)(3);

D.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: 9/25/2023

By: /s/ Stacey Lee
Stacey Lee
1800 E Old Ranch Rd Apt 12
Colton, CA 92324
Staceylee121281@gmail.com
*PLAINTIFF (Pro Se)*